UNITED STATES of America

v.

**John/Jane DOE [Sealed Case].**[1]

**Criminal No. 08–1429 BPG.**

United States District Court, D. Maryland.

June 3, 2008.

---

1. Although all other documents in this matter have been ordered sealed, this Memorandum Opinion is not as it does not directly or indirectly identify the relevant investigation and/or the subjects thereof.

## MEMORANDUM OPINION

JAMES K. BREDAR, United States Magistrate Judge.

The defendant in this action was the subject of an arrest warrant issued by Magistrate Judge Gesner[2] of this Court, the warrant having been issued upon the presentation to the Court of a complaint and affidavit establishing probable cause to believe that the defendant had committed a felony. In subsequent dealings with the Court in respect to the case—specifically, an Assistant United States Attorney having approached the undersigned for a related search warrant—it was revealed that the arrest warrant had been executed but that the defendant had not been brought to the Court for an initial appearance. Rather, the Court was advised, the defendant had hired counsel and had waived his/her right to a speedy initial appearance.

The issue presented is whether waiver by a criminal defendant is sufficient to stay the order of Court in a warrant that the arresting officer bring the defendant "forthwith to the nearest magistrate judge" to answer the complaint. For the reasons set forth below, the Court concludes that a waiver by a defendant arrested pursuant to a warrant does not stay an order for speedy presentment.[3]

The issue set forth above was the subject of a hearing *in camera* approximately five days subsequent to the arrest of the defendant with two Assistant U.S. Attorneys and defense counsel present. The defendant was not present. The government, during the hearing, produced a document in which, the government claims, the defendant's waiver was effected by the signatures of the defendant and his/her attorney. The document, bearing the caption of the case in this Court, was entitled "Waiver Of Speedy Initial Appearance." It states *inter alia:*

> 6. I have the right to be brought without undue delay before a United States Magistrate Judge or other judicial officer *who*, in accordance with the Federal Rules of Criminal Procedure, would:
>
> a. Formally advise me of the charges against me, and make a determination whether probable cause exists to believe that I committed a violation of criminal laws;
>
> b. Appoint a lawyer to represent me if I cannot afford one or give me an opportunity to retain my own attorney;
>
> c. Determine whether I should be released on bail pending indictment and/or trial of the case against me.

This recitation was followed by a waiver of the rights so enumerated. Government counsel stated that, by the time of the hearing, the defendant was no longer under arrest, but neither was he/she free to move about at will. The above-referenced waiver form, moreover, provided that the defendant had agreed to surrender all travel documents, to limit his/her travel to the District of Maryland unless otherwise authorized and to maintain daily contact with and follow the instructions of a named special agent until such time as his/her initial appearance.

---

2. The matter is before the undersigned as the criminal duty judge.

3. This case presents what appears to be an issue of first impression in this Circuit, the Court having found no controlling precedent and the parties having apprised the Court of none. In fact, the Court has found no precedent from any jurisdiction on point.

The government argued at length during the hearing that there is no substantive difference, in respect to the requirement for speedy presentment, between warrantless arrests and arrests pursuant to complaint and warrant. That point is not particularly helpful, inasmuch as it fails to focus upon the mandatory language of Fed.R.Crim.P. 4(b)(1)(C), 5(a)(1)(A) and 5(d)(3).

The Court observed during the hearing, and the government agreed, that the bulk of the very small body of case law that has developed around the issue of "waiver of speedy presentment" has arisen in the context of challenges to the effectiveness of such waivers and the suppression of evidence obtained subsequently to such purported waivers. *See, e.g. U.S. v. Pena Ontiveros*, 547 F.Supp.2d 323 (S.D.N.Y. 2008); *U.S. v. Noorzai*, 545 F.Supp.2d 346 (S.D.N.Y.2008); *U.S. v. Stern*, 313 F.Supp.2d 155 (S.D.N.Y.2003); *U.S. v. Berkovich*, 932 F.Supp. 582 (S.D.N.Y. 1996). The government, in fact, pointed out that no Court reviewing such cases had so much as raised the issue under consideration here.[4] Regardless of whether the claimed "waiver" was effective, it is irrelevant to the specific issue raised by the Court, as will unfold below.

Notwithstanding the government's apparent view to the contrary, the government's decision to petition the Court to exercise the Court's power to order arrest is significant, because it embodies a transfer of legal responsibility for the defendant's loss of liberty from the government to the Court. And, importantly, the protection of the rights of criminal defendants is not the sole focus of that responsibility.

The legislative and executive branches, in their collective wisdom, have charged the Court, once a criminal matter is before it, with the responsibility for determining whether a criminal defendant is to be detained or released and for determining the conditions of any such release. The focus of that determination is the Court's assessment of the danger to the community and the risk of flight posed by any such release. Specifically, those interests (which obviously extend well beyond the interests of the defendant, may well cut across those interests and, therefore, are not "rights of the defendant" that he/she can waive) have been addressed in great detail in the so-called Bail Reform Act, set forth at 18 U.S.C. § 3141 *et seq.*

Once the government decides to place a criminal defendant within the jurisdiction of the Court by seeking a criminal complaint against the defendant and a warrant for that defendant's arrest, the responsibility for determining whether and under what conditions the release of that defendant is to be granted is a function delegated by law solely to the Court.

In the instant case, the government has placed the defendant within the jurisdiction of the Court but, by only partially carrying out the order of the Court—that is, arrest without presentment—the government has *de facto* retained unto itself the power and responsibility to determine whether the defendant shall be released and the conditions of that release. There is no authority in law for such action by the government. Cast a different way, once the jurisdiction of the Court has been invoked, the government and the defendant are not empowered to agree among themselves to forestall the involvement of the Court on the issue of whether and under what conditions a criminal defen-

---

**4.** The Court now observes further that the bulk of precedent found on the subject of "waiver of speedy presentment" were cases in which arrests were made without warrants.

dant will be set free.[5]

Accordingly, the Court advised the government at the close of the hearing referenced above that either the defendant was to be produced before the Court forthwith, as earlier ordered, so that the Court could fulfill its responsibility under law to determine issues of release and conditions thereof, or, alternatively, that the government immediately could move to dismiss the complaint, thereby removing the case from the Court's jurisdiction and responsibility. The government advised that it would take the latter course, did so the following day and the motion was approved by the undersigned. Although the matter before the Court has been resolved, this Memorandum Opinion, distinguishing procedure that is lawful from that which is not, is issued now both to explain the Court's action in this case *and* to provide guidance if and when similar issues arise in the future, a likely prospect given the busy criminal docket in this district.

---

5. This is not an academic fine point. The concerns of the government and the Court in respect to the freedom of the defendant do not merge and, like those of the Court and the defendant, may be at odds. The Bail Reform Act provides *inter alia* that the Court may, on its own motion, concern itself with the risk that the defendant will flee or will "obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A) and (B). The government and its agents, on the other hand, are charged with zealously investigating and prosecuting crime—a responsibility not shared by the Court—and that zeal might well color a risk/reward analysis measure applied by the government to a decision as to whether, for example, a cooperating defendant should remain free. Further, while the Court may not enter a detention order solely on the grounds of danger without a motion from the government, under the Bail Reform Act the Court is charged with fashioning conditions of release sufficient to mitigate risk of danger. *Id.* This responsibility of the Court exists regardless of whether the government files a motion seeking such court involvement, and by failing to present a defendant promptly for initial appearance, the government prevents the Court from performing its assigned role.